IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


GREGORY GRADY,
            Plaintiff,

vs.                                                          Case No. 3:09cv458/WS/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
            Defendant.
_____/

### REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge under the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D), and 72.3 of the Northern District of Florida pertaining to review of administrative determinations under the Social Security Act ("the Act") and related statutes, 42 U.S.C. § 401, *et seq*.  It is now before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of the Social Security Administration ("the Commissioner of the SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401–34.

Upon review, this court concludes that the Commissioner's final determination is not the result of the application of proper legal principles or based on substantial evidence.  The court therefore recommends that the decision of the Commissioner be reversed and remanded for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability benefits under Title II on September 20, 2006, alleging that he became disabled on September 1, 2004 (Tr. 107–09).[1]  The application was denied initially and upon reconsideration (Tr. 61, 62).  Plaintiff requested review of the unfavorable determination by an administrative law judge ("ALJ"), who held a hearing on November 25, 2008, at which Plaintiff was represented by counsel and testified.  A vocational expert also testified.  On May 7, 2009, the ALJ issued a decision denying Plaintiff benefits (Tr. 6–27). Plaintiff's request for review by the Appeals Council was denied, thus rendering the ALJ's decision the final decision of the Commissioner and subject to judicial review (Tr. 1–3).  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007); Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998).  This appeal timely followed.

## II.    FINDINGS OF THE ALJ

In his May 7, 2009, decision, the ALJ made the following findings:

1)    Plaintiff's alleged onset date was September 1, 2004, and his date last insured was December 31, 2008.[2]

2)    Plaintiff may have engaged in substantial gainful activity since his alleged onset date, but a full investigation into Plaintiff's earnings would be necessary before a conclusive determination could be made with respect to this issue.  Nevertheless, for the purpose of assessing disability, the Commissioner's analysis would continue.

3)    Plaintiff suffered from several severe impairments: (1) degenerative disc disease in the cervical and lumbar spine, and (2) an affective disorder caused by drug and alcohol dependence with panic attacks.

4)    Plaintiff's substance abuse disorder met a listed impairment.  If Plaintiff stopped his substance abuse, his remaining impairments would still be severe but he would not have an impairment or combination of impairments that met or medically equaled a listed impairment.

---

[1] All references to "Tr." refer to the transcript and page numbers of the SSA record filed December 17, 2009 (Doc. 6).

[2] The ALJ also stated in his decision that Plaintiff's date last insured was December 31, 2007 (Tr. 18).  The Commissioner acknowledges this discrepancy in his memorandum but uses the later date for purposes of this appeal (Doc. 17 at 2, n.1).

Case No. 3:09cv458/WS/EMT

5)     If Plaintiff stopped his substance abuse, he would have the residual functional capacity to perform light work, with some physical and mental restrictions.

6)     If Plaintiff stopped his substance use, he would be able to perform his past relevant work as manager of an automobile dealership and owner of construction company.

7)     Because Plaintiff would not be disabled if he stopped his substance abuse, the substance abuse disorder is a contributing factor material to the determination of disability. Thus, Plaintiff had not been disabled within the meaning of the Act at any time from the alleged onset date through the date of the ALJ's decision.

(Tr. 9–27).

## III.     STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("this Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also* Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991). As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported by substantial evidence. 42 U.S.C. § 405(g); Falge, 150 F.3d at 1322; Lewis, 125 F.3d at 1439; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). Substantial evidence is more than a scintilla, but not a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); Lewis, 125 F.3d at 1439. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). Even if the evidence preponderates against the

Commissioner's decision, the decision must be affirmed if supported by substantial evidence. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id.; § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)–(g), the Commissioner analyzes a disability claim in five steps:

1.      If the claimant is performing substantial gainful activity, he is not disabled.

2.      If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

3.      If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4.      If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.

5.      Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. 20 C.F.R. § 404.1512. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must

then prove he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

IV.     DISCUSSION

Plaintiff presents one argument in support of his request for reversal and remand: the ALJ erred by failing to evaluate the September 18, 2004,[3] Department of Veterans Affairs ("VA") determination that commencing May 12, 2003, Plaintiff was 100% disabled or to discuss the weight that the VA determination was due, even though the determination was part of the administrative file before the ALJ (Doc. 11 at 2–3). This was reversible error, Plaintiff submits, because under Eleventh Circuit precedent a VA rating of disability, although not binding on the Commissioner, is entitled to be given great weight. Plaintiff contends that this case therefore should be remanded to permit the ALJ to apply the correct legal standard regarding his VA disability determination.

Responding in opposition to Plaintiff's argument, the Commissioner submits that under applicable law the ALJ "was under no obligation to give the VA determination any particular weight." (Doc. 17 at 16). In any event, according to the Commissioner, in reaching his decision the ALJ considered all of Plaintiff's relevant medical evidence, including evidence dating from as early as April 2004, whereas the evidence on which the VA based its August 2004 disability determination was primarily developed prior to 2004 and thus was not relevant to the ALJ's assessment. The Commissioner maintains that the ALJ's decision—reached after the ALJ made a thorough review of the record and accepted all credible, relevant evidence (including the testimony of a VE)—is supported by substantial evidence and therefore should be affirmed. If, however, the court rejects this conclusion, the Commissioner asks the court to remand this matter for further administrative review.

The Eleventh Circuit recently cited the former Fifth Circuit's decision in Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A, March 25, 1981),[4] for the proposition that "[a] VA

---

[3] The rating decision, which the VA included with its September 18, 2004, notice to Plaintiff, appears to have been issued August 24, 2004 (see Tr. 126, 131).

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

Case No. 3:09cv458/WS/EMT

rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight." Kemp v. Astrue, 308 Fed. App'x 423, 426 (11th Cir. 2009).[5] *See also* 20 C.F.R. § 404.1504, and Bloodsworth v. Heckler, 703 F.2d 1233, 1241 (11th Cir. 1983) (holding that "findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); Jenkins v. Astrue, No. 1:08cv251/MMP/MD, 2010 WL 1383702, at *5 (N.D. Fla. 2010) (magistrate judge's report and recommendation stating "[i]t is the law in the Eleventh Circuit that a disability decision by the Department of Veterans Affairs . . . is not binding on the Commissioner, but such a decision is entitled to great weight, and it is error for the Commissioner to ignore it.") (citing Bloodsworth and Rodriguez), report and recommendation adopted by district court, 2010 WL 1383714 (N.D. Fla. 2010). The Kemp court noted that although the ALJ was required to state and explain the weight accorded to each item of evidence, he had not done so explicitly with respect to the disability ratings assigned to the plaintiff by the VA. Nevertheless, the court found no error because the ALJ had "implicitly found that the VA disability ratings were entitled to great weight" by referring to the VA's relevant medical records, assessments, and disability ratings throughout his evaluation. *Id.*; *cf.* Williams v. Barnhart, 180 Fed. App'x. 902 (11th Cir. 2006) (per curiam) (vacating judgment affirming the decision of the Commissioner's unfavorable decision because it was "undisputed that the ALJ did not reference or address the [VA] Rating Decision" in his decision).

Here, the ALJ made no explicit finding regarding the VA's finding of 100% disability. He acknowledged the finding (*see* Tr. 20, 22, 25),[6] but he did not explain the weight given to this determination or provide any reasons for refusing to give the determination great weight. Moreover, unlike the ALJ in Kemp, the ALJ in this case did not implicitly find that the VA disability rating was entitled to great weight. Although he mentioned the finding and did refer to VA records related to the period after the date the VA issued its disability determination (*see, e.g.,* Tr. at 12 and 20, citing

---

[5] The Fifth Circuit has since clarified that despite the language of Rodriguez, "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." Chambliss v. Massanari, 269 F.3d 520, 523 (5th Cir. 2001).

[6] At the administrative hearing the ALJ also heard testimony from Plaintiff that he received VA benefits based on a rating of 100% disability (Tr. 32).

Exhibit 11F), the ALJ did not otherwise refer to the VA's medical records, assessments, or disability ratings.  The Commissioner contends that the medical evidence associated with the VA disability determination would not be not relevant to the ALJ's assessment of Plaintiff's disability because that evidence was primarily developed prior to 2004, but the court disagrees that the evidence should so summarily be deemed irrelevant.  The VA made its disability determination on August 24, 2004 [disability commencing May 12, 2003], which was just a few days prior to September 1, 2004, the date Plaintiff alleges he became disabled for purposes of his DIB claim.  And, at the time Plaintiff filed his DIB claim in September 2006, he continued to be considered 100% disabled by the VA, based on its prior ratings determination.  It therefore appears that the VA determination and the medical evidence on which it is based could be relevant to Plaintiff's instant claim for benefits.

The ALJ had a legal duty to fully develop the record.  20 C.F.R. § 404.1512(d).[7]   In this case, to the extent the VA disability determination is included in the administrative file (*see* Tr. 119–161; 623–44), the record appears to have been adequately developed.[8]  The fulfillment of the ALJ's duty in this respect under § 404.1512(d), however, means little unless the ALJ actually considers the evidence provided.  *See* 20 C.F.R. § 404.1520(a)(3) (stating: "Evidence considered. We will consider all evidence in your case record when we make a determination or decision whether you are disabled.").  For these reasons, the court concludes that the ALJ erred by neither explicitly nor implicitly considering or giving the VA determination of 100% disability great weight.  *See* Rodriguez, 640 F.2d at 686 ("[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ"); DePaepe v. Richardson, 464 F.2d 92, 101 (5th Cir. 1972) (error in failing to consider VA's rating of claimant "as 100 percent unemployable"); *see also* Smith v. Astrue, 2009 WL 3157639, *7 (M.D. Fla. 2009) (finding that ALJ's conclusory reference to VA disability

---

[7]  Section 404.1512(d) provides:
Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.  We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.

[8]  The court notes, however, that the primary medical records supporting the rating do not appear to be included in the SSA's administrative file.

determination without discussion of weight given warranted remand for the ALJ to apply the correct legal standard); *cf.*, <u>Higgins v. Astrue</u>, 2009 WL 499465, *4 (M.D. Ala. 2009) (finding no error where ALJ mentioned VA decision several times, stated he gave full consideration of the decision, and stated that the VA decision was not binding given the different standards and rules).  This case therefore should be remanded to the Commissioner so that the ALJ may accord the August 2004 VA determination of 100% disability its proper weight.[9]  If the ALJ concludes the VA disability determination should be rejected, in part or whole, he should provide valid reasons for doing so.

For the foregoing reasons, the court concludes that Commissioner's decision is not based on proper legal principles or based on substantial evidence and should be remanded for further review.

Accordingly, it is respectfully **RECOMMENDED** that:

The decision of the Commissioner be **REVERSED**, the Commissioner be ordered to **REMAND** the matter to an ALJ for further proceedings consistent with this Report and Recommendation, judgment be entered in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405 (g), and the clerk be directed to close the file.

At Pensacola, Florida this <u>7</u><sup>th</sup> day of January 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[9]  Insofar as the primary medical records in support of the VA's disability determination are not currently part of the SSA's administrative file, the ALJ may wish to obtain them.

Case No. 3:09cv458/WS/EMT