IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY GRADY,
    Plaintiff,

v.                              Case No.: 3:09cv458/WS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Now before the court is Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA") (doc. 22), filed by Nick A. Ortiz, Esq., Plaintiff's counsel (hereinafter "Petitioner"), as well as response to the motion (doc. 23), filed by Defendant Commissioner of Social Security (hereinafter "the Commissioner").

I.    BACKGROUND

    On October 19, 2009, this action was initiated under the Social Security Act to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for disability benefits (doc. 1). By order of the district court dated February 7, 2011, the decision of the Commissioner was reversed, and this case was remanded to the Commissioner—pursuant to sentence four of 42 U.S.C. § 405(g)—for further administrative proceedings (doc. 20, adopting doc. 18 (report and recommendation)). Judgment was entered for Plaintiff the same day (docs. 20, 21).

    On May 6, 2011, Petitioner filed the instant motion, in which he contends Plaintiff is a "prevailing party" by virtue of the sentence four remand and, therefore, entitled to an award of fees, expenses, and costs under the EAJA (doc. 22). Attached to the motion is an itemized justification for the amounts requested by Petitioner (*id.*, attachs.). The Commissioner, after conferring with Petitioner and reaching

agreement as to a few disputed issues, has no objection to an award, payable to Plaintiff, in an amount agreed upon by the parties (doc. 23).

II.   ANALYSIS

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. As previously noted, in the instant case the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g). Thus, Plaintiff is properly considered a prevailing party. The next question is whether the application for EAJA fees was timely filed. As noted *supra*, judgment in this case was entered on February 7, 2011. The thirty-day clock did not begin to run until the reversal and remand order of February 7 became final, which occurred on April 8, 2011, at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. *See* Schaefer, 509 U.S. at 302. Thus, the application in this case, filed May 6, 2011, is timely, since it was filed within thirty days of April 8, 2011. Moreover, for the reasons set forth in the Report and Recommendation (doc. 18), the undersigned concludes that the Commissioner's position was not substantially justified. And finally, the Commissioner agrees that fees should be paid in this case, and the undersigned finds that no circumstances exist that would make an award unjust. Accordingly, an award of fees is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market
> rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees

shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner originally sought attorney's fees for 23.4 hours of work performed on Plaintiff's behalf in 2009, 2010, and 2011 at an hourly rate of $147.00 ($3,439.80), as well as expenses totaling $22.92 and costs totaling $367.80 ($350 (filing fee) and $17.80 (photocopying costs)), for a total award in the amount of $3,830.52 (*see* docs. 22 at 1; 22-5).[1] As noted *supra*, however, the parties have since agreed to an award in a different amount, that is (apparently), an award based on the hourly rate and time-expenditure claimed by Petitioner but based on lower **costs** than those claimed by Petitioner (which costs are to be paid from the Judgment Fund administered by the United States Treasury) (*see* doc. 23 at 1–2).[2]

Although Plaintiff seeks an award based in part upon hourly rates higher than $125.00, the undersigned concludes that amounts greater than $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed

---

[1] Plaintiff's motion contains a scrivener's error, as he states he seeks a total award of $3,853.92 instead of $3,830.52, a difference of $23.40. It thus appears that the higher amount inadvertently includes the number of hours Petitioner worked on Plaintiff's behalf (i.e., "23.4" hours was erroneously converted to $23.40 and included in the total amount). Regardless of how the error occurred, it is evident that the correct amount is $3,830.52, as it is derived from multiplying the claimed hourly rate ($147.00) by the claimed number of hours (23.4), which equals $3,439.80, and adding thereto the other costs and expenses sought by Petitioner ($390.72) (*see* doc. 22 at 2). Thus, the undersigned treats the application as one seeking a total award of $3,830.52.

[2] The Commissioner's motion also contains a scrivener's error, that is, he states Petitioner seeks an award based upon an hourly rate of $174.00, but the rate actually claimed by Petitioner is $147.00 (*see* doc. 23). The Commissioner also states that the award Plaintiff seeks (i.e., $3,853.92) "represents 23.4 hours of attorney time at the rate of $174.00 per hour" (*id.* at 1). However, as previously noted, Petitioner in actuality seeks only $3,830.52. Moreover, neither $174.00 nor $147.00 per hour yield a total amount of $3,853.92 based on a time expenditure of 23.4 hours (i.e., 174 x 23.4 = 4,071.60, and 147 x 23.4 = 3,439.80). Thus, determining the precise amount to be awarded in this case is unnecessarily complicated. However, after a careful review of Plaintiff's motion and the Commissioner's response, it appears to the undersigned—despite the scrivener's errors and/or erroneous calculations—that the Commissioner agreed to the amounts and rate originally sought by Petitioner, with the exception of costs in the amount of $17.80 (*see* docs. 22; 23).

In order to facilitate and hasten this court's review, in the future the parties should carefully review all mathematical calculations for accuracy. Moreover, if applicable, the Commissioner should explain the nature of any agreements reached between the parties (e.g., whether an agreement is based on a reduced hourly rate, number of hours claimed, expense, or cost).

in 2004 through 2005). The undersigned also concludes that the hours expended by Petitioner on Plaintiff's behalf are reasonable. Accordingly, an award in the total amount of **$3,812.72** is appropriate, based on the following amounts and calculations: $3,439.80 in attorney fees (23.4 hours x $147.00), $22.92 in expenses, and $350.00 in costs.

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29. Although Ratliff and Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, as Plaintiff has done in the instant case (*see* doc. 22-3), the undersigned concludes that the award is properly payable to Plaintiff despite the assignment.

First, this conclusion is in line with Ratliff, 130 S. Ct. at 2521. Second, the Commissioner has recently stated in other cases in this district that he must inquire whether a claimant owes a qualifying debt that could be offset against the EAJA award and, further, that his inquiry cannot be made until after this court has issued an order on a petition for EAJA fees. *See, e.g.,* Nakas v. Astrue, Case No. 5:09cv358/RS/WCS, doc. 27; Anderson v. Astrue, Case No. 5:09cv282/RS/MD, doc. 24. Thus, the check for the EAJA award should simply be made payable to Plaintiff and sent to Petitioner's office so that Plaintiff and Petitioner may mutually implement their fee agreement without this court's involvement. *See* Nakas docs. 30, 31 (respectively, report and recommendation, issued February 16, 2011, recommending same, and order, issued March 16, 2011, adopting report and recommendation); Anderson, docs. 25, 26 (respectively, report and recommendation, issued February 25, 2011, recommending same, and order, issued March 30, 2011, adopting report and recommendation); *see also* Cook v. Astrue, Case No. 5:09cv72/RS/EMT (same).

Accordingly, it is respectfully **RECOMMENDED** as follows:

1.      That the Petition for Attorney's Fees and Costs Under the EAJA (doc. 22) be **GRANTED** as set forth below:

(a)  Plaintiff is entitled to recover reasonable fees and expenses for representation by his counsel, Nick A. Ortiz, before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees ($3,439.80) and expenses ($22.92) under the EAJA, **in the total amount of $3,462.72**, are reasonable; and the Commissioner is directed to pay that amount to Plaintiff.

(b)  Filing fee costs in the amount of $350.00 are also awarded, to be paid from the Judgment Fund of the United States Treasury.

(c)  Plaintiff's payment shall be mailed to his attorney, Nick A. Ortiz, at the Soloway Law Firm, 1013 Airport Boulevard, Pensacola, Florida  32504.

At Pensacola, Florida this  6th  day of June 2011.


s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**